**HONORABLE ROBERT H. WHALEY**

ROBERT B. BINGER
  Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

|  |  |  |
|---|---|---|
| PRISON LEGAL NEWS, | ) | |
| | ) | No.  CV-11-029-RHW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT** |
| v. | ) | **OF DEFENDANTS' MOTION FOR** |
| | ) | **PARTIAL SUMMARY** |
| SPOKANE COUNTY, et al. | ) | **JUDGMENT** |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * *

COME NOW Defendants by and through the undersigned counsel of the Prosecuting Attorney's Office, and submit this Memorandum in Support of Defendants' Motion for Partial Summary Judgment.

**FACTS**

Please see Defendants' separate Statement of Facts.

**INTRODUCTION**

On January 12, 2011, Prison Legal News (PLN) filed a Complaint (Doc #1) against Spokane County, et al. (hereinafter "Spokane County").

Plaintiff sets forth the "Nature of the Case" at page 1 as follows:

Plaintiff Prison Legal News, a project of the Human Rights Defense Center, brings this action primarily to enjoin Defendants' censorship of its monthly publication and correspondence mailed to prisoners who are held in custody by the Spokane County Jail, in violation of the First Amendment and the Fourteenth Amendment's Due Process Clause. Defendants have adopted and implemented written mail policies and practices that that unconstitutionally restrict correspondence to prisoners to postcards only, and that prohibit delivery to prisoners of book catalogs and any publications that have not been preapproved by the government. Further, Defendants' policies and practices do not afford the sender of the censored mail due process notice and an opportunity to challenge the censorship, as required by the Constitution.

(Doc. # 1, p. 1)

Plaintiff made the following "Injunction Allegations" at page 20:

6.1    Defendants' unconstitutional policy, practices, and customs are ongoing and continue to violate Plaintiff's rights, and as such Plaintiff has no adequate remedy at law.

6.2    Plaintiff is entitled to injunctive relief prohibiting Defendants from refusing to deliver or allow delivery of publications, books, informational brochures and catalogs, and other correspondence from Prison Legal News, and prohibiting Defendants from censoring mail without prior approval, and from censoring mail without due process of law.

(Doc. #1, p. 20)

On February 3, 2011, PLN filed a Memorandum in Support of Plaintiff's

Motion for Preliminary Injunction (Doc. #5) and (Proposed) Preliminary

Injunction (Doc. #3-1).    The Proposed Preliminary Injunction sought to have

Defendants enjoined:

1.    from censoring or rejecting mail on the ground that it is not in the form of a postcard;

2.    from censoring or rejecting mail on the ground that it is a catalog; and

3.    For each piece of mail that Defendants censor or reject, the Defendants must give written notice to the sender and addressee of the following:

   a. The identity of the mail censored or rejected, described in sufficient detail that the mail can be matched to the mail rejection notices sent the sender and addressee.

   b. Each specific reason the mail was censored or rejected, described in sufficient detail that the sender can cure or challenge it;

   c. The identity and substance of any mail policy on which the Defendants rely as a justification for the censorship or rejection;

   d. The sender or addressee's rights to appeal the censorship or rejection, including the person's names and title to which an appeal may be submitted, any requirements of which must be contained in an appeal, any deadlines or timeframes for appeal, and a timeframe by which the Defendants will issue a decision on the appeal.

(Doc. # 3-1, pp. 2 and 3)

   On February 17, 2011, Inmate Mail Policy No. 204 was amended as

follows:

1.    204.1. The restriction on incoming inmate mail to postcards only shall not apply to legal, official and business mail.

> Business mail is non-privileged mail which includes letters, publications and catalogs with a return address of a verifiable business or non-profit organization.

2.      204.8.   Authorized Magazines shall not be limited to the ones specified in Section 204.8.

3.      New Section.

   (A) If an inmate's outgoing or incoming mail restriction is content based, written notification will be provided to the inmate and sender. The notification shall specify the publication, letter, package or other mail which has been restricted and specify the reason for the restriction as outlined in this policy. The sender and inmate will not have a right to notification and administrative review if the reason for the restriction is not content based unless the mail is designated Legal, Official or Business mail.  Restrictions on mail for reasons other than content occur when the restriction is based on the presence of an unauthorized attachment, substance or enclosure on or with the mail, or if the rejection is based on any violation not related to the written or pictorial content. In all cases where the sender is not entitled to a hearing since the reason for the rejection is not content based, the mail will be sent back to the sender with a short notice of the reason for the rejection.  In all other cases where there is a right to administrative review, notice shall advise the inmate that jail grievance procedures will apply to his/her request for review.   A sender will be advised that the restriction will become final within ten days after the date of the initial notice unless the sender seeks review by the Jail Commander or his designee.   The request for review shall include the sender's reasons for disagreeing with the restriction and any other information the sender wants the Jail Commander or his designee to consider. The senders request for review must be postmarked within 10 days of the initial notice. Within 5 days after receiving the sender's request for review, the Jail Commander or his designee will issue a written decision and send it to party seeking review.

(Statement of Fact #5)

   The amendments address all of Plaintiff's allegations of wrongful conduct and insure that Plaintiff's constitutional rights are not infringed.

## LAW

A case is moot if the court can no longer grant an effective remedy for the plaintiff's injury. *Vill. of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir. 1993). Article III requires that a live controversy be present throughout all stages of litigation in federal court. *Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." See *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1274 (9th Cir. 1998) (internal citation omitted). Voluntary cessation of an illegal activity may moot an action if two conditions are met. First, the defendant must show that "'subsequent events [have] make it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expect to recur.'" Id. (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 364 (1968)). Second, the defendant must show that "'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Id. (quoting *Lindguist v. Idaho  State Bd. of Corrections*, 776 F.2d 851, 854 (9' Cir. 1985)).

## ARGUMENT

On February 17, 2011, Sheriff Knezovich amended Inmate Mail Policy No. 204.  (Statement of Fact # 5)  The amendments had the effect of invalidating

provisions of the policy upon which PLN seeks permanent injunction. The amendments were implemented as follows:

    a.    The amendments were entered into the electronic logbook for all staff;

    b.    The amendments were read and discussed with staff by their supervisors at roll calls;

    c.    Sergeants, custody staff and administrative staff were notified of the amendments by their individual e-mail accounts;

    d.    Staff who manage the mail desk were notified of the amendments by e-mail, electronic logbook and their section supervisor, Lynnette Brown briefed them on the amendments;

    e.    Notices of the amendments were posted in the inmates' living areas.

(Statement of Fact #6)

Sheriff Knezovich has advised the Court that he is committed to having a mail policy that is consistent with the due process rights of notification and review when mail is restricted and with the rights of publishers to communicate with inmates by mail. (Statement of Fact #3 and #4)  The alleged wrongful conduct cannot be expected to reoccur.  Further, the amendments to Inmate Mail Policy 204 have completely and irrevocably eradicated the need for judicial protection sought by Plaintiff.

# CONCLUSION

Plaintiffs' prayer for injunctive relief is moot. Defendants respectfully requests the Court grant their Motion for Partial Summary Judgment dismissing Plaintiffs' prayer for injunction relief.

DATED this 27th day of April, 2011

                                    STEVEN J. TUCKER
                                    Prosecuting Attorney


                                    __s/Robert Binger_____
                                    Robert B. Binger, WSBA# 10774
                                    Attorneys for Defendants
                                    Spokane County Prosecuting Atty's Office
                                    W. 1115 Broadway Avenue
                                    Spokane, WA  99260
                                    Telephone:  (509) 477-2881
                                    Fax: (509) 477-3672
                                    Email:  rbinger@spokanecounty.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Jesse Wing, Katherine Chamberlain and Lance Weber.


 s/Robert Binger
Robert B. Binger, WSBA# 10774
Attorney for Defendants
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, WA  99260
Telephone:  (509) 477-2881
Fax: (509) 477-3672
Email:  rbinger@spokanecounty.org