**HONORABLE ROBERT H. WHALEY**

STEVEN J. TUCKER
 Prosecuting Attorney
ROBERT B. BINGER
 Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| PRISON LEGAL NEWS, | ) | No. CV-11-029-RHW |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' RESPONSE** |
| v. | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION FOR PARTIAL** |
| SPOKANE COUNTY, et al. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |

### FACTS

Please see Defendants' Disputed Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment ("DDF") and Defendants' Statement of Facts in Support of Defendants' Partial Summary Judgment Summary Judgment ("DSF") (ECF # 43).

On September 1, 2010, Sheriff Knezovich implemented Inmate Mail Policy 204 (Affidavit of McGrath, ECF #25, ¶4). Inmate Mail Policy 204 consisted of the following sections: (1) Purpose and Scope; (2) Philosophy; (3) Incoming Mail; (4) Outgoing Mail; (5) Legal Mail; (6) Restrictions on Inmate Correspondence; (7) Mail Violations; (8) Guidelines; (9) Receiving Money Through the Mail; (10) Certified or Registered Mail;

(11) Publications; (12) Authorized Magazines; (13) Religious Materials; and (14) In House Inmate to Inmate Correspondence. (ECF #25, pp. 10-17)

Inmate Mail Policy 204 provided that inmates could receive postcards, legal mail, money orders and cashiers checks, certified or registered mail, newspapers paperback books, authorized magazines, religious materials, and in house inmate to inmate correspondence. (ECF #25, pp. 10-17)

Between September 1, 2010 and September 17, 2010, the Spokane County Jail received 55 pieces of mail from PLN, addressed to inmates. The mail was returned to PLN with one of more of the following explanations:

1.    Unauthorized content (47)
2.    Postcard policy or not a postcard (11)
3.    Postage due (4)
4.    Exceeds ¼" thickness/size limit (3)

ECF #13-17, pp. 29-326.

On January 31, 2011, publisher PLN filed the current action and lodged challenges to the following three (3) provisions of Inmate Mail Policy 204: (1) That the postcard aspect of Inmate Mail Policy 204 limited incoming mail except for legal and official mail to postcards; (2) That packages, other than paperback books, newspapers, or approved magazines shall not be accepted; and (3) That Inmate Mail Policy 204 provided that if inmate mail was restricted, the mail clerk would complete a Mail Restriction Notice for the items returned to the sender and a copy of the notice would be sent to the inmate. (ECF #1)

On February 17, 2011, Inmate Mail Policy 204 was amended[1] as follows:

1.     204.1. The restriction on incoming inmate mail to postcards only shall not apply to legal, official and business mail. Business mail is non-privileged mail which includes letters, publications and catalogs with a return address of a verifiable business or non-profit organization.

2.     204.8.   Authorized Magazines shall not be limited to the ones specified in Section 204.8.

3.     New Section.

   (A) If an inmate's outgoing or incoming mail restriction is content based, written notification will be provided to the inmate and sender. The notification shall specify the publication, letter, package or other mail which has been restricted and specify the reason for the restriction as outlined in this policy. The sender and inmate will not have a right to notification and administrative review if the reason for the restriction is not content based unless the mail is designated Legal, Official or Business mail.  Restrictions on mail for reasons other than content occur when the restriction is based on the presence of an unauthorized attachment, substance or enclosure on or with the mail, or if the rejection is based on any violation not related to the written or pictorial content. In all cases where the sender is not entitled to a hearing since the reason for the rejection is not content based, the mail will be sent back to the sender with a short notice of the reason for the rejection.  In all other cases where there is a right to administrative review, notice shall advise the inmate that jail grievance procedures will apply to his/her request for review.  A sender will be advised that the restriction will become final within ten days after the date of the initial notice unless the sender seeks review by the Jail Commander or his designee.  The request for review shall include the sender's reasons for disagreeing with the restriction and any other information the sender wants the Jail Commander or his designee to consider. The senders request for review must be postmarked within 10 days of the initial notice. Within 5 days after receiving the sender's request for review, the Jail

---

[1]PLN's arguments concerning these amendments to Inmate Mail Policy 204 are unavailing in this case as PLN's Complaint challenges Inmate Mail Policy 204 as it existed on September 1, 2010.

Commander or his designee will issue a written decision and send it
to party seeking review.

(DSF #5)

PLN brought and then withdrew a Motion for a Preliminary Injunction (ECF #33)
and now seeks Partial Summary Judgment and Permanent Injunction.

## LAW

A case is moot if the court can no longer grant an effective remedy for the plaintiff's
injury. *Vill. of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir. 1993). Article III requires
that a live controversy be present throughout all stages of litigation in federal court.
*Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974).

"A case is moot when the issues presented are no longer 'live' or the parties lack
a legally cognizable interest in the outcome." See *Norman-Bloodsaw v. Lawrence
Berkeley Laboratory*, 135 F.3d 1260, 1274 (9th Cir. 1998) (internal citation omitted).
Voluntary cessation of an illegal activity may moot an action if two conditions are met.
First, the defendant must show that "'subsequent events [have] made it absolutely clear
that the allegedly wrongful behavior [cannot] reasonably be expected to recur.'" Id.
(quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89
S.Ct. 361, 364 (1968)). Second, the defendant must show that "'interim relief or events
have completely and irrevocably eradicated the effects of the alleged violation.'" Id.
(quoting *Lindquist v. Idaho  State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)).

**ARGUMENT**

On February 17, 2011, Sheriff Knezovich amended Inmate Mail Policy 204. (DSF #5)  The amendments had the effect of invalidating provisions of Inmate Mail Policy 204 upon which PLN seeks summary judgment and permanent injunction.

Sheriff Knezovich has advised the Court that he is committed to having a mail policy that is consistent with the due process rights of notification and review when mail is restricted and with the rights of publishers to communicate with inmates by mail. (DSF #3 and #4)  The alleged wrongful conduct cannot be expected to reoccur.  Further, the amendments to Inmate Mail Policy 204 have completely and irrevocably eradicated the need for judicial protection sought by Plaintiff.

The United States Supreme Court has identified the requirements for the granting of permanent injunctive relief as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006)

PLN cannot establish all of the necessary prerequisites for permanent injunction in light of the amendments to Inmate Mail Policy 204.

PLN is not subject to any prospective injury.  Remedies at law are available to compensate for any past injuries.  A remedy in equity is neither warranted nor justified, and the public interest would not served by the Court enjoining conduct that has no likelihood of reoccurring.

## CONCLUSION

Defendants respectively request the Court deny Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction.

DATED this 18th day of May, 2011.

STEVEN J. TUCKER,
Spokane County Prosecuting Attorney


 s/Robert B. Binger
Robert B. Binger, WSBA# 10774
Attorney for Defendants
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, WA  99260
Telephone:  (509) 477-5764
Fax: (509) 477-3672
Email:   rbinger@spokanecounty.org

**DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Jesse Wing, Katherine Chamberlain, and Lance Weber.

 _s/Robert Binger_____
Robert B. Binger, WSBA# 10774
Attorney for Defendants
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, WA  99260
Telephone:  (509) 477-2881
Fax: (509) 477-3672
Email:  rbinger@spokanecounty.org

**DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**