Jesse Wing, WSBA #27751
JesseW@mhb.com
Katherine C. Chamberlain, WSBA #40014
KatherineC@mhb.com
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
206-622-1604

Lance Weber, *Pro Hac Vice*
lweber@humanrightsdefensecenter.org
Human Rights Defense Center
PO Box 2420
Brattleboro, VT 05303
802-257-1342

Hon. Robert H. Whaley

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY; SPOKANE COUNTY SHERIFF'S OFFICE; OZZIE KNEZOVICH, individually and in his capacity as Spokane County Sheriff; JOANNE LAKE, in her official and individual capacity; LYNETTE BROWN, in her official and individual capacity,<br><br>Defendants. | No. CV-11-029 RHW<br><br>CONSENT DECREE |

COME NOW the parties and request entry of the following:

1.  Plaintiff Prison Legal News publishes and distributes a monthly journal of corrections news and analysis, and offers and sells books about the

CONSENT DECREE - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.02 eg206311

1. criminal justice system and legal issues affecting prisoners, to prisoners, lawyers, courts, libraries, and the public throughout the Country. PLN engages in protected speech and expressive conduct on matters of public concern. *See Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005).

2. Defendant Spokane County is a municipal corporation formed under the laws of the State of Washington.

3. Defendant Spokane County Sheriff's Office operates the Spokane County Jail and the Geiger Corrections Center, located in Spokane, Washington, which house convicted prisoners and pretrial detainees charged with federal, state or local crimes.

4. On September 1, 2010, Defendants enacted new policies that restricted incoming and outgoing mail at Spokane County Jail to 5.5" x 8.5" postcards. The postcards-only policy prohibited mail other than "non-glossy" and "pre-franked" postcards, apart from "legal and official mail." The mail policy also restricted the types of "Publications" allowed in prison to: "newspapers, paperback books, and approved magazines," prohibiting all other types of publications, including catalogs. The policy restricted delivery of magazines to only the fifteen magazines named in the policy, which does not include Prison Legal News. Defendants refer to this mail policy as "Inmate Mail Policy No. 204."

5. The September 1, 2010 mail policies did not require the Defendants to notify the non-inmate sender or addressee of rejected mail that Defendants had censored it or of the reasons for their censorship.

CONSENT DECREE - 2

9870.02 eg206311

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

6. In August, September, 2010 and afterwards, Prison Legal News mailed its monthly journal, a soft-cover book entitled *Protecting Your Health and Safety*, informational brochures about subscribing to PLN and book offers, and a catalog of books that PLN offers, in envelopes addressed personally to prisoners at the Spokane County Jail.

7. The Jail censored 24 issues of the journal Prison Legal News mailed to prisoners. Defendants stamped them with the phrase "unauthorized content" as the sole justification for rejecting 23 journals, and added the phrase "not a postcard" on the 24th journal, and returned the journals to PLN.

8. The Jail censored the one-page informational brochures, book catalogs, and book offers that PLN mailed to 27 prisoners in envelopes. The Jail stamped "unauthorized content" on thirteen of the envelopes and returned them to PLN, without further explanation. The Jail stamped and returned eleven envelopes with the phrase "unauthorized content" adding the notation "postcard policy" on three envelopes and the phrase "not a post card" on eight envelopes, without further explanation. The Jail returned three envelopes stamped "Exceeds 1/4" thickness/size limit" that did not exceed 1/4" thickness.

9. The Jail censored four copies of the *Protecting Your Health and Safety* book that PLN had mailed to prisoners, stamped "unauthorized content" on the mailings as the justification for rejection, and returned the books to PLN.

10. Consistent with their policy, Defendants did not notify PLN of any opportunity to appeal the censorship decisions.

CONSENT DECREE - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.02 eg206311

11. The Jail's censorship of PLN's mail occurred between September 1, 2010 and September 17, 2010 but the Jail continued to censor other incoming and outgoing correspondents' non-legal mail.

12. On January 21, 2011, PLN filed a lawsuit in this matter. On February 3, 2011, PLN filed a motion for preliminary injunction.

13. On February 14, 2011, Defendants amended Inmate Mail Policy No. 204 to eliminate the postcards-only restriction on outgoing prisoner mail. On February 17, 2011, Defendants amended Inmate Mail Policy 204 to eliminate: (a) the postcards-only restriction on incoming legal, official, and business mail—including letters, publications, and catalogs; and (b) the restrictions limiting magazines to those listed by name in the policy. In addition, Defendants established due process notice and appeal procedures for prisoners and for non-prisoners who send rejected mail. Defendants retained the policy restricting incoming non-business mail to postcards only.

14. The First Amendment of the United States Constitution protects a publisher's right to correspond with prisoners through the mail. *Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989); *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To withstand First Amendment scrutiny, "prison authorities . . . must first identify the specific penological interests involved and then demonstrate both that those specific interests are the actual bases for their

CONSENT DECREE - 4

9870.02 eg206311

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

policies and that the policies are reasonably related to the furtherance of the identified interests. An evidentiary showing is required as to each point." *Walker v. Sumner*, 917 F.2d 382, 386 (9th Cir. 1990).

15. Defendants have not articulated a legitimate penological interest for their September 1, 2010, mail policies: (1) restricting incoming business mail to postcard form, (2) restricting outgoing prisoner mail to postcard form, and (3) restricting delivery of publications to "newspapers, paperback books, and approved magazines" and prohibiting all other types of publications including catalogs and brochures. These policies are not reasonably related to legitimate penological interests. Defendants' restriction of incoming business mail to postcards only, restriction of outgoing prisoner mail to postcards only, and ban on catalogs and brochures was unconstitutional under the First Amendment.

16. Defendants' September 1, 2010 mail policy prohibiting delivery of magazines that are not listed by name in the policy (and which did not list Prison Legal News by name), violated the First Amendment.

17. By enforcing the September 1, 2010 mail policies to censor PLN's monthly journal, PLN's informational subscription and book brochures, PLN's book catalog, and the *Protecting Your Health and Safety* book, addressed personally to prisoners at the Spokane County Jail, and the incoming business mail and outgoing mail of prisoners, Defendants violated the First Amendment.

18. Defendants failed to afford due process protections to PLN when censoring its mail to prisoners. Defendants' notice when censoring Prison Legal

CONSENT DECREE - 5

9870.02 eg206311

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

News's publications, catalogs, books, and correspondence was inadequate and failed to provide an opportunity to appeal.

19. Defendants failed to provide minimum procedural safeguards to PLN, in violation of the Due Process Clause of the Fourteenth Amendment.

20. Defendants have denied that their remaining postcard-only policy restricting incoming non-business mail to postcard form ("Remaining Postcard-Only Policy") is unconstitutional. There is no decision of a United States Court of Appeals upholding or overturning a Remaining Postcard-Only Policy under facts comparable to those facts presented here. Defendants believe there is a substantial risk that a court may find that Defendants' postcard policy violates inmates' or others' First Amendment rights. For that reason, Defendants agree at the present time that an injunction is appropriate in that it lessens risk and clearly protects such rights.

21. While Defendants dispute that their Remaining Postcard-Only Policy is unconstitutional, they agree for the Court to enjoin such policy under the *Turner* test. However, the parties agree that Defendants may seek relief from the terms of this paragraph in the event that the United States Supreme Court or the United States Court of Appeals for the Ninth Circuit, or three (3) other circuits of the United States Court of Appeals, decide in a published opinion that such a policy is constitutionally permissible. In seeking such relief, Defendants must present facts specific to the Spokane County Jail and show that a new policy of their own would be constitutionally permissible. Defendants must provide sixty (60) days advance notice to Plaintiff before seeking modification of this Order.

CONSENT DECREE - 6

9870.02 eg206311

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

22. The Ninth Circuit held in *Keith v. Volpe*, 833 F.2d 850 (9th Cir. 1987) that a party which prevails by obtaining a consent decree may recover attorneys' fees under § 1988 for monitoring compliance with the decree, even when such monitoring does not result in judicially sanctioned relief.

23. The Parties agree that PLN shall seek neither attorneys' fees nor costs for monitoring compliance with this Order. This does not limit PLN's right to seek fees and costs for any other action or enforcement effort (other than the cost of monitoring compliance with this Order).

ACCORDINGLY, the COURT HEREBY ORDERS, ADJUGES AND DECREES as follows:

(1) Defendants' September 1, 2010 mail policy violates the First and Fourteenth Amendments to the United States Constitution in the following ways:

    a. The mail policy did not require that Defendants provide due process notice and an opportunity to be heard to non-inmate senders when mail is rejected;

    b. The mail policy allowed Defendants to reject incoming business mail and outgoing prisoner mail because the mail was not in postcard form; and

    c. The mail policy restricted delivery of publications to newspapers, paperback books and approved magazines and prohibited all other types of publications including catalogs and brochures.

(2) Defendants believe there is a substantial risk that a court may find that Defendants' Remaining Postcard-Only Policy violates inmates' or others' First Amendment rights and the Defendants have agreed to be enjoined as follows: Defendants are enjoined from rejecting non-business mail on the ground that it is

CONSENT DECREE - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

9870.02 eg206311

contained in an envelope rather than in postcard form. The Court further orders that Defendants may seek relief from the terms of this paragraph in the event that the United States Supreme Court or the United States Court of Appeals for the Ninth Circuit, or three (3) other circuits of the United States Court of Appeals, decide in a published opinion that such a policy is constitutionally permissible; in doing so, Defendants must present facts specific to the Spokane County Jail and show that a new policy of their own would be constitutionally permissible.

(3) Defendants are further enjoined as follows:

a. Defendants are enjoined from rejecting mail without giving constitutionally adequate due process.

b. Defendants are enjoined from rejecting incoming business mail and outgoing prisoner mail on the ground that it is contained in an envelope rather than in postcard form.

c. Defendants are enjoined from rejecting delivery of publications on a categorical basis. Defendants may reject incoming business mail on a case by case basis where they can satisfy the *Turner* test as to that particular publication.

(4) Defendants are ordered to modify their mail policy to be consistent with this Order within thirty (30) days. Defendants shall post the amendments in the inmates' living areas for a period of 90 days and post the mail policy on their website, update their automated telephone message and update applicable written material that are accessible to inmates.

(5) Plaintiff is a prevailing party entitled to payment by Defendants of $230,000 which includes all claims for damages ($55,000), fees ($172,867.40) and

CONSENT DECREE - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.02 eg206311

costs ($2,132.60) pursuant to 42 U.S.C. § 1983 and § 1988. Defendants will pay this sum within ten (10) calendar days of the entry of this Order. By agreement by the Parties, PLN shall not seek and shall not recover attorneys' fees or other relief for the costs for monitoring compliance with this Order. This does not limit PLN's right to seek fees and costs for any other action or enforcement effort (other than the cost of monitoring compliance with this Order).

(6) The public interest is served by the entry of this Order, which protects the constitutional rights of publishers and other persons who correspond with prisoners by mail, and the right of prisoners to send and receive mail.

(7) The Court retains jurisdiction of this matter for the purpose of enforcement of its Order.

DATED this 3rd of August, 2011.

_____
Hon. Robert H. Whaley
United States District Court Judge

PRESENTED BY:

MacDONALD HOAGUE & BAYLESS

By: _____
Jesse Wing, WSBA # 27751
JesseW@MHB.com
Katherine C. Chamberlain, WSBA #40014
katherinec@mhb.com
Attorneys for Plaintiff

CONSENT DECREE - 9

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9870.02 eg206311